**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1490
_____

JAMES M. OVERLY,
                                        Appellant

v.

CHRIS GARMAN,  Unit Manager; BRADLEY FISHER, Correctional Counselor;
HONSTINE, Correctional Officer; PARSON, Correctional Officer; HARPER,
Correctional Officer; CLAPPER, Correctional Officer; HAZLETT, Correctional Officer
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-12-cv-00832)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 14, 2014
Before:  JORDAN, COWEN and BARRY, Circuit Judges

(Filed: March 16, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant James Overly seeks review of the District Court's order dismissing his civil rights action. For the reasons discussed below, we will affirm.

Overly, a Pennsylvania state prisoner, filed suit pursuant to 42 U.S.C. § 1983 against five correctional officers, a unit manager, and a counselor at the State Correctional Institution at Smithfield (SCI-Smithfield). Overly alleged that defendant Fisher violated his equal protection rights by failing to promptly inform him of his mother's death. According to the complaint, Fisher was notified on November 7, 2011, by the prison chaplain that Overly's mother had died; however, he failed to inform Overly of his mother's passing until November 21, 2011. Overly maintains that the two-week delay in notification was in violation of prison procedures and, as a result, he was not afforded "equal treatment as is his right." The complaint also alleged that the remaining defendants violated Overly's civil rights by harassing and retaliating against him. Specifically, Overly maintained, inter alia, that (1) he was transferred from cell-to-cell, which exacerbated his ill-health, and (2) his cell was repeatedly searched, and his property was confiscated and destroyed. The defendants were sued in both their individual and official capacities.

On defendants' motion, the District Court dismissed the claims against the defendants in their official capacity because they were entitled to Eleventh Amendment immunity, and dismissed the remaining claims for failure to state a claim for relief. This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a motion to dismiss is plenary. Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004). To avoid dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face" by allowing a "reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

On appeal, Overly challenges only the District Court's dismissal of his equal protection claim. Appellees argue that Overly has waived his right to appeal the remaining claims because he failed to raise them in his brief; Overly did not file a reply brief, responding to this contention. We have consistently held that issues not raised in an opening brief are deemed waived. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) ; see also LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995) (although "appellate courts generally do not hold pro se litigants rigidly to the formal briefing standards . . . we need not manufacture claims of error for an appellant proceeding pro se, especially when he has raised an issue below and elected not to pursue it on appeal."). We therefore limit our review to Overly's equal protection claim.[1]

We agree with the District Court that the complaint fails to properly state a claim for the violation of Overly's equal protection rights. The Equal Protection Clause is

---

[1]  Overly sought and was granted an extension to file a reply brief, but he did not do so. We note that, even if we were to address his other claims, we would affirm the District Court's dismissal for substantially the same reasons stated in its January 31, 2014 order.

3

ordinarily applied to claims of class-based discrimination. See Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 601 (2008) ("Our equal protection jurisprudence has typically been concerned with governmental classifications that 'affect some groups of citizens differently than others.'") (citation omitted). As the District Court noted, Overly has not alleged that he is a member of a suspect class. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir. 2001) (noting that prisoners are not a suspect class). He has further failed to successfully plead a "class of one" claim. Willowbrook v. Olech, 528 U.S. 562, 564 (2000). To state a claim under the "class of one" theory, Overly must show that "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). Crucially, Overly failed to allege that he was *intentionally* treated differently than similarly-situated individuals. Indeed, he does not make allegations regarding the treatment of any other inmates. He merely notes that *he* was treated differently when his stepfather passed away; at that time, Overly was promptly informed of his stepfather's death and was offered services. And although he argues generally that it was prison procedure to promptly inform inmates of family deaths, and that defendant Fisher failed to comply with that procedure in his case, he does not argue that the failure to follow procedure was intentional. Accordingly, dismissal of the claim was proper.

Based on the foregoing, we will affirm the judgment of the District Court.

4